Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,089-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                              Appellee

versus

BRANDON SMALL                                   Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 387,641

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Christopher A. Aberle

JAMES E. STEWART, SR.                   Counsel for Appellee
District Attorney

ALEX L. PORUBSKY
KENDRA S. JOSEPH
BRIANA SPIVEY
Assistant District Attorneys

* * * * *

Before STEPHENS, THOMPSON, and ROBINSON, JJ.

**THOMPSON, J.**

After the trial court imposed a hard labor sentence of six years for attempted possession of a firearm by a convicted felon, the defendant, Brandon Small, claimed that his attorney had advised him he would receive only a probated sentence. Prior to his sentencing hearing and through the exchange and rejection of multiple plea offers, Small was made aware that sentencing was to be determined by the trial court, and no agreement was reached with the State or the trial court as to sentencing. The trial court confirmed with Small during *Boykinzation* for entering his guilty plea that he understood the possible sentence and that his sentence was up to the court to determine. Small's attorney also confirmed on the record that Small understood.

On appeal, Small now claims that his guilty plea was not valid because he did not enter into it knowingly and intentionally, believing he would receive probation. For the following reasons, including but not limited to the entire record conflicting with Small's assertions, we affirm Small's guilty plea, amend his sentence in part to allow for it to be served with benefits of probation, parole, and suspension of sentence, and vacate the $1,000 fine imposed pending a hearing that we instruct the trial court to conduct, and hereby remand for that limited purpose.

## FACTS AND PROCEDURAL HISTORY

On September 29, 2020, Brandon Small was originally charged, and then on October 17, 2023, an amended bill of information[1] similarly charged

---

[1] When Small was originally charged with carrying a concealed weapon by a convicted felon, the predicate offense was listed as a 2021 conviction for possession with intent to distribute a Schedule 1 Controlled Dangers Substance. The October 17, 2023 amended bill changed the predicate offense to a conviction for the same offense from 2013.

him with a single count of possession or carrying a concealed weapon by a convicted felon, correcting the date of his predicate conviction of possession with intent to distribute a Schedule I CDS from 2013.

At a hearing on October 17, 2023, Small's appointed attorney tendered an offer on his behalf where Small would plead guilty to attempted possession of a firearm, for a sentence of two years at hard labor, suspended, with two years active supervised probation. The trial court responded: "I can already tell you it's not. That's not enough probation and not enough backing up the sentence." The State indicated it had previously rejected this exact same offer on June 12, 2023. On that date, the State had counteroffered for Small to plead guilty to the minimum sentence of 5 years at hard labor. Small's counsel advised the State that he was not likely to accept the offer. At no point during this or any other proceeding was Small promised he would receive only a probated sentence.

On November 2, 2023, Small pled guilty to the responsive charge of attempted possession of a firearm or concealed weapon, which reduced the length of exposure in sentencing from a maximum of 20 years to a maximum of 7 ½ years. At the hearing, the State stated on the record that sentencing was to be determined by the trial court. A Pre-Sentence Investigation ("PSI") report was ordered. Small was not promised by the State or the judge that he would receive probation as a condition of his guilty plea.

Small's sentencing hearing was conducted on February 14, 2024. In accordance with La. C. Cr. P. art. 894.1, the trial court noted its consideration of the PSI report, Small's personal and criminal history, and noted three prior felony convictions. The trial court sentenced Small to six

years at hard labor, to be served without benefits, and imposed a fine of $1,000. During sentencing, Small was represented by newly appointed counsel. Small stated during sentencing: "My attorney said I was going to get probation." The trial court responded: "No, he didn't. There is no way in heck you would have gotten probation with three felony convictions. And I did a *Boykinization* with you. It was complete. You know what your sentence could possibly be and you pled guilty." Neither Small's newly appointed counsel nor counsel for the State corroborated his claim that he was promised probation. Further, Small did not seek to withdraw his guilty plea at the hearing or in his motion to reconsider sentence.

Subsequently, on March 14, 2023, Small filed a motion to reconsider sentence, arguing that the trial court did not consider all possible mitigating factors as listed in La. C. Cr. P. art. 894.1, and that the sentence imposed was constitutionally excessive. Small did not address the validity of his guilty plea in his motion to reconsider sentence. The trial court denied the motion to reconsider sentence. Small now appeals, seeking a remand for an evidentiary determination regarding his understanding of his guilty plea.

## DISCUSSION

Small has extensive experience in the criminal justice system, and he certainly is not the first defendant who, in hindsight, regrets having rejected a more favorable plea offer than the ultimate sentence imposed. His sole assignment of error focuses on his assertion it was his understanding he would receive a probated sentence:

**Assignment of Error: Small's pro se claim that he was told by his attorney, who was not present at sentencing, that he would receive only probation merited an evidentiary fact finding rather than a knee-jerk summary rejection.**

3

On appeal, Small argues that the statement he made at his sentencing – that he was told by his attorney (who was not present at sentencing) he would receive only probation – merits an evidentiary fact-finding by the trial court. Small argues that his guilty plea that he made in reliance on counsel's material misrepresentation of the sentence he would actually receive was not made knowingly and intentionally. Small argues that when he informed the trial court that his attorney told him he would receive only a probated sentence, Small effectively called into question the validity of his plea. Small argues that the trial court's refusal to address the merits of his assertion was improper and was rendered in the absence of his attorney, who could have confirmed or denied the allegation. Small claims this matter should be remanded for an evidentiary hearing on whether his guilty plea was valid due to his understanding that he would receive probation.

In contrast to Small's expressed subjective beliefs, the objective record reflects that at the time of sentencing, neither Small nor his attorney objected on the basis of the validity of the plea deal, only providing his self-serving statement that "[m]y attorney said I was going to get probation." In opposition to Small's assertion, the record reflects the last plea offer to Small was a five-year hard labor sentence, which Small rejected (and understandably now regrets having done so). At no other time was a probated sentence offer extended or even discussed on the record between the Small, his counsel, the State, or the trial court. During Smith's *Boykinization,* the following colloquy took place:

> THE COURT: […] Notwithstanding the provisions of Revised Statute 14:27, whoever is found guilty of attempting to violate the provisions of this section shall be imprisoned at hard labor for not more than seven and one-half years and not less than

4

$500 nor more than $2,500. Do you understand what the
maximum and minimum sentences could be?

THE DEFENDANT: Yes, sir.

THE COURT: Have you gone over what it means to plead
guilty with your attorney and are you satisfied with his advice?

THE DEFENDANT: Yes, sir.

There was no agreement as to sentencing and it was clear Small

understood the terms of his plea agreement, as confirmed by his attorney

when addressed by the court:

THE COURT: All right. Mr. Lawrence, are you satisfied that
Mr. Small understands the terms of his plea agreement?

MR. LAWRENCE: Yes, Your Honor.

We find that Small has failed to demonstrate that a material

misrepresentation was made to him about the sentence he would actually

receive.  The record shows that Small, via his attorney, had rejected prior

plea offers from the State.  Further, the record clearly shows that there was

no agreement as to his sentence, sentencing was left to the trial court, and

the sentencing range was detailed to Small.  Additionally, neither Small nor

his attorney objected to the sentence at the sentencing hearing, aside from

Small's statement claiming he was told he would receive probation.  To

preserve an issue for appellate review, a party must state an objection

contemporaneously with the occurrence of the alleged error, as well as the

grounds for the objection.  La. C. Cr. P. art. 841(A); *State v. Mosley*, 51,168

(La. App. 2 Cir. 6/21/17), 223 So. 3d 158.

We conclude the record is sufficient to determine that Small's guilty

plea was knowingly and voluntarily made.  Therefore, a remand for an

evidentiary hearing is not necessary. The record shows that Small was never

5

promised he would receive probation as a part of his guilty plea. To the contrary, the State never offered any plea agreement which did not include a hard labor sentence, and the court advised Small's attorney the proposed probated sentence was not acceptable. Small does not seek to withdraw his guilty plea to attempted possession of a firearm by a convicted felon. Rather, he wants the opportunity to pursue a more lenient sentence than that imposed by trial court. Again, neither Small nor his attorney lodged any objections or requests for an amendment to his sentence based on his asserted belief he would only receive probation, even in his motion to reconsider sentence. We also note that by pleading guilty to the responsive charge of attempted possession of a firearm by a convicted felon, Small's sentencing exposure was reduced from a maximum of 20 years at hard labor to 7 ½ years. Even with that substantial reduction in his exposure, Small did not receive the maximum 7 ½ year sentence. Rather, he received a mid-range sentence of six years. Accordingly, we find this assignment of error is without merit.

**Error Patent Review:**

Our error patent review reveals that the trial court improperly imposed Small's sentence for attempted possession of a firearm by a convicted felon *without* the benefits of probation, parole, or suspension of sentence. The trial court sentenced Small to six years at hard labor without benefit of probation, parole, or suspension of sentence. La. R.S. 14:95.1(B) provides, in pertinent part:

> … [W]hoever is found guilty of attempting to violate the provisions of this Section shall be imprisoned at hard labor for not more than seven and one-half years and fined not less than five hundred dollars nor more than two thousand five hundred dollars.

6

The Louisiana Supreme Court has consistently held that when a defendant is sentenced under a statute that contains no prohibition of parole, the district court must sentence the defendant to a term that does not include such a prohibition, because parole eligibility under La. R.S. 15:574.4 is to be determined by the Department of Corrections. *State ex rel. Porter v. State*, 04-2080 (La. 11/28/05), 916 So. 2d 123; *St. Amant v. 19th Judicial District Court*, 94-0567 (La. 9/3/96), 678 So. 2d 536. Accordingly, Small's sentence should not have been imposed without benefits of probation, parole, or suspension of sentence, because the statute under which he was convicted contains no prohibition on parole. Small's parole eligibility under La. R.S. 15:574.4 is a determination to be made by the Department of Corrections. Small's sentence, therefore, is hereby amended to six years at hard labor.

Further, a review of the record indicates that there is an error patent regarding the trial court's imposition of the $1,000 fine. As noted above, La. R.S. 14:95.1(B) authorizes the imposition of a fine of not less than $500 nor more than $2,500 upon conviction of the crime of attempted possession of a firearm by a convicted felon. The trial court imposed a $1,000 fine on Small. We find that Small was entitled to a hearing pursuant to La. C. Cr. P. art. 875.1, regarding a determination of substantial financial hardship to a defendant, prior to the imposition of the $1,000 fine. There is no evidence in the record that Small or the trial court waived the determination of financial hardship. Because a hearing was not held, we are compelled to vacate the $1,000 fine and remand the matter to the trial court for the required hearing.

7

**CONCLUSION**

For the foregoing reasons, we affirm the guilty plea of Small and affirm, in part, his sentence of six years, with benefits in accordance with La. R.S. 14:95.1(B), vacate, in part, the imposition of a $1,000 fine imposed without a hearing, and remand solely for a hearing pursuant to La. C. Cr. P. art. 875.1, to determine Small's ability to pay any assessed fine.

**SENTENCE AFFIRMED, IN PART, AND VACATED, IN PART. CASE REMANDED, WITH INSTRUCTIONS.**